IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORLANDO CRUZ,
   Petitioner,

v.     CIVIL ACTION

JAMES MCGRADY, THE DISTRICT
ATTORNEY OF THE COUNTY OF
PHILADELPHIA, and THE ATTORNEY   No. 09-36
GENERAL OF THE STATE OF
PENNSYLVANIA,
   Respondents.

Norma L. Shapiro, J.                November 22, 2010

## MEMORANDUM

Orlando Cruz, an inmate at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge M. Faith Angell issued a Report and Recommendation ("R&R") advising that the petition should be denied. After consideration of petitioner's objections *de novo*, the objections are overruled. The R&R will be adopted and the petition will not be granted.

### I. FACTUAL BACKGROUND

On November 26, 2000, Miguel Rivera (a/k/a "Miz") and Kyle Richardson were shot. R&R at 1; *see Commonwealth v. Cruz*, No. 1573 EDA 2002 (unpublished) (Pa. Super. Ct. July 14, 2003) (slip op., at 1-3). Richardson survived and identified Orlando Cruz and Hezekiah Sanders (a/k/a Hezekrah Sanders) as the shooters. R&R at 1-2. Richardson also testified that earlier the same evening Cruz had accused him of killing Cruz's cousin. *Id.* at 2. The resulting argument continued even after a bartender asked both parties to step outside. *Id.*

Richardson stated that while he was restrained by Sanders outside the bar, he "heard a 'boom' and collapsed to the ground." *Id.* He also testified that when he looked up he saw Cruz shoot him. *Id.* Rivera was shot when he attempted to intervene on Richardson's behalf. *Id.* Richardson reported observing sparks emanating from Cruz's hand at the time he heard the gunshots. *Id.*

Natalie Rodriguez witnessed the events outside the bar from approximately one block away, and recognized Cruz's voice from the argument. *Id.* She testified she heard

seven shots and saw Rivera run from the scene screaming that "Dino" had shot him. *Id.* Rodriguez testified she knew the appellation "Dino" referred to Cruz. *Id.* A neighbor, Marisol Hidalgo, saw Rivera fall, and subsequently drove him to the hospital. *Id.* Rivera died shortly thereafter. *Id.*

## II.  PROCEDURAL HISTORY

On February 14, 2002, a jury found Cruz guilty of third degree murder of Miguel Rivera, attempted murder of Kyle Richardson, aggravated assault and criminal conspiracy. He was sentenced to two consecutive terms of imprisonment totaling thirty (30) to sixty (60) years. *Commonwealth v. Cruz*, No. 0095 2/2 (Ct. Com. Pl. Phila. July 3, 2002). The Superior Court affirmed, *Commonwealth v. Cruz*, 832 A.2d 535 (Pa. Super. Ct. July 14, 2003) (table). The Supreme Court of Pennsylvania subsequently denied allocatur, 882 A.2d 1005 (Pa. Sept. 13, 2005) (table).

On April 1, 2004, Cruz filed a *pro se* petition for review under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et. seq.* Judge Poserina dismissed the petition without a hearing. *Commonwealth v. Cruz*, No. 1037 EDA 2007 (unpublished) (Ct. Com. Pl. Phila. Sept. 4, 2007). His decision was affirmed by the Superior Court. *Commonwealth. v. Cruz*, 954 A.2d 34 (Pa. Super. Ct. May 5, 2008) (table), and the Supreme Court of Pennsylvania denied Cruz's subsequent request for allowance of appeal, 958 A.2d 1046 (Pa. Oct. 1, 2008) (table).

On December 16, 2008, Cruz filed a federal habeas petition alleging violations of the Sixth and Fourteenth Amendments of the United States Constitution. Petition for Writ of Habeas Corpus, docket no. 1, at 9. Magistrate Judge M. Faith Angell issued an R&R on September 8, 2009, recommending that the petition be denied and dismissed without an evidentiary hearing. R&R at 29. Cruz filed his objections to the R&R on October 1, 2009. Objections to R&R, docket no. 15. His objections included: (1) ineffective assistance of counsel for failing to call Marvin Kilgore and Enoth Rodriguez; (2) ineffective assistance of counsel for failing to present expert testimony, argument or other evidence regarding Kyle Richardson's drug history; (3) ineffective assistance of counsel for failing to object to questions asked by the trial court, or to seek a curative jury instruction; (4) denial of Fourteenth Amendment due process because of counsel's failure to object to questions asked by the trial court; and (5) denial of Fourteenth Amendment due process for failing to grant Cruz an evidentiary hearing.

2

## III. JURISDICTION AND STANDARD OF REVIEW

A federal court has jurisdiction over a petition for writ of habeas corpus challenging state confinement in violation of the United States Constitution. 28 U.S.C. § 2241. A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objections are made by the petitioner. See 28 U.S.C. § 636(b)(1)(C).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a writ of habeas corpus for a person serving a state court sentence shall not be granted unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A district court may be guided by decisions of the corresponding court of appeals in its analysis of Supreme Court precedent. *See, e.g., Vazquez v. Wilson*, 550 F.3d 270, 282 (3d Cir. 2008). "[A]s long as the reasoning of the state court does not contradict relevant Supreme Court precedent, AEDPA's general rule of deference applies." *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004).

Under AEDPA, the "contrary to" and "unreasonable application of" clauses have independent meanings. "A state court decision will be contrary to our clearly established precedent if the state court either applies a rule that contradicts the governing law set forth in our cases, or confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (internal quotations omitted). A state court decision is an unreasonable application of Supreme Court precedent if the court "correctly identifies the governing legal rule but applies it unreasonably to the facts" of the case. *Id.* The appropriate inquiry to be made under the "unreasonable application" standard is "whether the state court's application of clearly established federal law was objectively unreasonable." *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000).

A federal court cannot grant a writ because it would have reached a different result than the state court. *See, e.g., Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 889 (3d Cir. 1999). State court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). The federal court must find that the state court was objectively unreasonable in making its decision. *See Williams v. Taylor*, 529 U.S. 362, 411 (2000).

3

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

Cruz asserts three claims of ineffective assistance of trial counsel. A petitioner claiming ineffective assistance of counsel must provide evidence that: (1) counsel performed deficiently; and (2) as a result of that performance the defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Outten v. Kearney*, 464 F.3d 401, 414 (3d Cir. 2006). When evaluating the deficiency of counsel's representation, a court must determine whether, bearing in mind the totality of the circumstances, counsel acted in an objectively reasonable manner that was in accordance with professional norms. *Strickland*, 466 U.S. at 688-89; *Outten*, 464 F.3d at 414. The Pennsylvania standard is not contrary to the federal *Strickland* standard. *See Werts*, 228 F.3d at 204; *Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987) (Pennsylvania standard and *Strickland* standard "constitute the same rule").

Even if counsel's conduct were deficient, he would not be deemed "ineffective" unless his behavior prejudiced his client. *Strickland*, 466 U.S. at 692; *Outten*, 464 F.3d at 414. To show prejudice, Cruz must demonstrate "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *accord Outten*, 464 F.3d at 414. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

Courts are highly deferential to counsel. *Strickland*, 466 U.S. at 688-89. Review of an ineffectiveness claim is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). Strategic decisions made by counsel, as long as they are made after a thorough investigation of the law and facts, are virtually unchallengeable. *Id.* at 690. "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The inquiry must determine whether defendant received a fair trial, not whether counsel was prudent, appropriate or perfect. *Marshall v. Hendricks*, 307 F.3d 36, 91 (3d Cir. 2002). A petitioner asserting a better alternative than the one chosen by counsel does not necessarily

4

demonstrate ineffectiveness under *Strickland*. *Marshall v. Hendricks*, 307 F.3d 36, 86 (3d Cir. 2002). To succeed on his claims of ineffective assistance of counsel on habeas review, Cruz must show that the state court's application of *Strickland* was objectively unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### 1. *Failure to Investigate or Call Witnesses*

Cruz objects to Magistrate Judge Angell's finding that the state courts addressed his ineffectiveness claim on the merits, and argues that even if the courts did so, their application of *Strickland* was objectively unreasonable.

The PCRA court denied Cruz's first ineffectiveness claim because: (1) he failed to comply with the requirements of 42 Pa.C.S.A. § 9545(d)(1);[1] (2) the proposed witness testimony[2] would have been cumulative of testimony provided by defense witness Elias Garcia; and (3) he could not establish that, had the testimony been presented, it would have changed the outcome of his trial. The PCRA court explained that even if Cruz had substantially complied with the requirements of 42 Pa.C.S.A. § 9545(d)(1), the summary of the witnesses' proposed testimony showed that

> Mr. Kilgore's and Mr. Rodriguez's testimony would have established, at most, that [Cruz] did not argue with Mr. Richardson inside the bar. This testimony, however, would not have contradicted the eyewitness testimony indicating [Cruz's] and Mr. Sanders' participation in the shooting of Mr. Richardson and Mr. Rivera outside the bar. Accordingly, because the testimony would unlikely have changed the outcome of the trial, [Cruz] cannot show that he was prejudiced by counsel's actions in failing to call Mr. Kilgore and Mr. Rodriguez.

*Commonwealth v. Cruz*, No. 1037 EDA 2007 (Pa. Super. Ct. May 5, 2008) (slip op., at 11). This

---

[1] Section 9545(d)(1) of the PCRA requires that if "a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." 42 Pa.C.S.A. § 9545(d)(1).

Appellate court review is limited to those materials in the certified record. *Commonwealth v. Preston*, 904 A.2d 1, 9 (Pa. Super. Ct. 2006) (*en banc*), *app. denied*, 916 A.2d 632 (Pa. 2007). By failing to include a certification with his summary of the witnesses' proposed testimony, Cruz limited the materials available for review.

[2] Cruz argues that trial counsel was ineffective for failing to call two defense witnesses, Martin Kilgore and Enoth Rodriguez, who would have: (1) testified that Cruz did not argue with Richardson in the bar; and (2) called into question the credibility of Richardson as a Commonwealth witness. He asserts that the PCRA court unreasonably applied the *Strickland* standard to this claim.

5

is the *Strickland* standard, and Magistrate Judge Angell is correct that the PCRA court considered this issue on the merits.

To demonstrate ineffectiveness for failing to investigate or call witnesses, a petitioner must establish that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or should otherwise have known of him; (4) the witness was prepared to cooperate and testify for defendant at trial; and (5) the absence of the testimony prejudiced defendant's right to a fair trial. *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. Ct. 2004). Counsel is not ineffective for failing to present cumulative evidence. *See Commonwealth v. Hall*, 701 A.2d 190, 206 (Pa. 1997). Because Kilgore and Rodriguez's testimony, even if properly offered to the PCRA court, would have been cumulative of Garcia's statements, and did not contradict testimony identifying Cruz as one of the gunmen, Cruz fails to show he was prejudiced by his attorney's actions. He also fails to show the state court decision was contrary to, or an objectively unreasonable application of, the law. Cruz's first objection to the R&R is therefore overruled.

### 2. *Failure to Present Argument, Evidence, and Expert Testimony Challenging the Competency of the Commonwealth's Witness*

Cruz objects to Magistrate Judge Angell's finding that counsel's failure to present expert testimony on a witness's drug use did not constitute ineffective representation because the evidence would have been inadmissible. The witness, Richardson, provided important testimony for the Commonwealth. Cruz argues that his counsel was ineffective for: (1) failing to impeach Richardson with evidence that, because he abused the "street" drug "fry," he was incapable of accurately recalling the night's events; and (2) failing to offer expert testimony to impeach him.

Witnesses in criminal proceedings are presumed to be competent. 42 Pa. C.S.A. § 5911; *see also* Pa. R. Evid. 601 (a person would be incompetent to testify if the witness "is, or was, at any relevant time, incapable of perceiving accurately"). A witness is competent to testify if he or she can: (1) accurately perceive an event; (2) remember it; (3) communicate about the event intelligibly; and (4) appreciate the duty to tell the truth under oath. *Commonwealth v. Counterman*, 719 A.2d 284, 295 (Pa. 1998). It is proper to question a witness about drugs or alcohol he or she may have consumed at the time of the event described to the jury (because that may have affected the witness's ability to remember correctly), but the jury may not consider the use of drugs or alcohol at other irrelevant times for impeachment purposes. *Commonwealth v. Drew*, 459 A.2d 318, 321 (Pa. 1983). Even when a

6

witness admits to using drugs or alcohol in the hours preceding an incident, the jury has the right to assess the witness's credibility and the court may not substitute its judgment for that of the finder of fact. *Commonwealth v. Simmons*, 662 A.2d 621, 630 (Pa. 1995).

Unless the subject matter is related to something that is beyond the "knowledge or experience of the average layman," expert testimony is not permissible. *Commonwealth v. O'Searo*, 352 A.2d 30, 32 (Pa. 1976). Such testimony may not be used to assess or determine the credibility of witnesses, because that responsibility lies exclusively within the province of the finder of fact. *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 700 (3d Cir. 1995). Expert testimony regarding the long-term effects of drug abuse on a percipient witness's memory is inadmissible. *Commonwealth v. Small*, 741 A.2d 666, 677 (Pa. 1999). Accordingly, counsel cannot be deemed ineffective for failing to present testimony that would not have been admissible.

The PCRA court concluded that expert testimony would not have been appropriate to question Richardson's competency or to attack his credibility. *Commonwealth v. Cruz*, No. 1037 EDA 2007 (unpublished) (Ct. Com. Pl. Phila. Sept. 4, 2007). Cruz's counsel presented other arguments and evidence to challenge Richardson's competence, including: (1) eliciting an admission from Mr. Richardson that he had regularly smoked marijuana and cigarettes dipped in embalming fluid ("fry"), was involved in the sale of illegal drugs, and had a prior conviction for both a firearms offense and manslaughter; (2) challenging Richardson's identification of Cruz on the basis of inconsistencies between his trial testimony and the statements he gave the police; (3) cross-examining Dr. Bennett Preston, the Commonwealth's forensic expert, regarding the likelihood that brain damage could result from the long-term use of the drugs ingested by Richardson; and (4) highlighting Richardson's chronic drug use and Dr. Preston's testimony regarding the possible side effects thereof in his closing argument. Even if admissible, additional expert testimony on this topic would have been cumulative. Counsel is not ineffective for not presenting cumulative evidence. *See Hall*, 701 A.2d at 206. Counsel ensured the jury had sufficient information to determine how much weight to give Richardson's testimony.

Had it been proper to allow expert witness testimony and the witness had been deemed incompetent, there was still overwhelming evidence of Cruz's guilt beyond Richardson's testimony. Moreover, Natalie Rodriguez's testimony corroborates Richardson's account of the shootings.

The PCRA court's application of *Strickland* was not unreasonable. The government introduced significant evidence establishing Cruz's involvement in the crime, and his

7

attorney was permitted to raise the issue of Richardson's credibility. Under these circumstances, the PCRA court reasonably determined that additional expert testimony would not have changed the outcome at trial. Cruz's second objection is overruled.

### 3. *Failure to Object to Questions by the Trial Court*

Cruz objects to Magistrate Judge Angell's determination that the PCRA court reasonably applied federal law when it held that counsel's failure to object to questioning by the trial court was not ineffective assistance. Cruz claims counsel was ineffective for failing to object, ask for corrective jury instructions, or otherwise intervene in the trial court's questioning during the cross-examination of Richardson, because the questioning served to rehabilitate Richardson's credibility, and led the jury to believe the court accepted Richardson's testimony as true.

As long as a judge does not assume the role of an advocate, he or she has broad discretion to question witnesses. *United States. v. Green*, 544 F.2d 138, 147 (3d Cir. 1976); *Riley v. Goodman*, 315 F.2d 232, 234 (3d Cir. 1963). A judge may "have an obligation to interrupt the presentation of counsel in order to clarify misunderstandings or otherwise ensure the trial proceeds efficiently and fairly." *United States. v. Wiggins*, 293 F. App'x 907, 908 (3d Cir. 2008); *see also United States. v. Stirone*, 311 F.2d 277, 279-80 (3rd Cir. 1962).

In *United States v. Tomlin*, the judge "ask[ed] questions of certain witnesses, made comments on the evidence, and urged counsel at various times to make efforts to expedite the case." *U.S. v. Tomlin*, 380 F.2d 373, 374 (3d Cir. 1967). Our Court of Appeals held that not only does a trial judge have a duty to help clarify facts and circumstances, but also, because there was no suggestion the judge's conduct was "inimical and partisan, clearly evident and prejudicial," there was no reversible error. *Id.* In *Wiggins*, when the defendant argued that the district court overstepped its role on nine occasions, the Court of Appeals concluded that the judge acted properly because the judge intended "to help the jury and himself fully understand confusing testimony." *Wiggins*, 293 F. App'x at 908. At Cruz's trial, the judge was within his discretion in clarifying from whose hand Richardson claimed to see sparks when Rivera was shot. Counsel was not ineffective for failing to raise a meritless objection. *See Priester*, 382 F.3d at 402. The state court's decision was objectively reasonable; Cruz's third objection will be overruled.

### B. Denial of Due Process

Cruz raises two claims of due process denial during his trial and state post-conviction proceedings. The Due Process Clause of the Fourteenth Amendment provides

that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

### 1. *Questioning by the Trial Court*

Cruz objects to Magistrate Judge Angell's conclusion that his due process challenge to the trial court's questioning was procedurally defaulted. A state prisoner seeking relief under Section 2254 must have exhausted the remedies available in the state's courts before seeking relief in federal court. 28 U.S.C. § 2254(b)(2). A petitioner seeking the writ bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court are the "substantial equivalent" of those presented in state court. *Evans v. Ct. of Com. Pl., Delaware Cnty., Pa.*, 959 F.2d 1227, 1231 (3d Cir.1992); *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir.1982).

For a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but there may be a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice," or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*; *see also Carter v. Vaughn*, 62 F.3d 591 (3d Cir. 1995).

A federal court will ordinarily not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus "[o]ut of respect for finality, comity, and the orderly administration of justice"; this is a reflection of the rule that "federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004) (citations omitted). The exceptions to the procedural default rule are narrowly defined. *Id.* For purposes of excusing a procedural default, "[t]he Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Werts*, 228 F.3d at 192-93 (citations omitted). To establish "prejudice," the habeas petitioner must prove "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Werts*, 228 F.3d at 193.

In Pennsylvania, a party that fails to object to an error at trial ordinarily waives the right to raise the issue on appeal. *Freifield v. Hennessy*, 353 F.2d 97, 99 (3d Cir. 1965). When questioning by the trial court is so prejudicial it denies the defendant the right to a fair and impartial trial, it constitutes plain error that he is entitled to appeal, even if counsel failed to object at the time of the questioning. *Freifield*, 353 F.2d at 99; *see also United States v. Newman*, 476 F.2d 733 (3d Cir. 1973) (comments by trial judge could not be reviewed by the appeals court, because there was no "plain error" affecting defendant's substantive rights).

Cruz objects to the conclusion that he procedurally defaulted this due process claim because he first raised the issue in his application for allocatur to the Pennsylvania Supreme Court, rather than at trial. Review by the Pennsylvania Supreme Court on direct appeal is discretionary, and not part of the direct review process when considering exhaustion. Pennsylvania Supreme Court Order No. 218; *see also Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004), *cert. denied*, 544 U.S. 1063 (2005). Cruz's failure to present this claim before the trial court or Superior Court on direct appeal renders it procedurally defaulted. Under AEDPA, this court lacks jurisdiction to review this untimely claim. Cruz's third objection is overruled.

### 2. *Denial of Post-Conviction Relief Claims without an Evidentiary Hearing*

Cruz objects to Magistrate Judge Angell's determination that his due process claim arising from the denial of post-conviction relief without an evidentiary hearing was procedurally defaulted. Cruz's request for an evidentiary hearing was denied by the PCRA Court on April 10, 2007, because he failed to submit a signed certification with a requisite proposed witness list as required by 42 Pa.C.S.A. § 9545(d)(1). A claim of error at a PCRA proceeding cannot be raised by a federal petitioner for habeas corpus. *Lambert*, 387 F.3d at 247. "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).

Cruz's claim that the PCRA court denied him due process by dismissing his petition is not a valid basis for federal habeas relief.

### V. CONCLUSION

Cruz's objections to Magistrate Judge Angell's R&R are overruled. The R&R is

10

adopted, and the petition for writ of habeas corpus is denied; an appropriate order will follow. There is no basis for issuing a certificate of appealability.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORLANDO CRUZ, :
      Petitioner, :
:
v. : CIVIL ACTION
:
JAMES MCGRADY, THE DISTRICT :
ATTORNEY OF THE COUNTY OF :
PHILADELPHIA, and THE : No. 09-36
ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
      Respondents. :

## ORDER

AND NOW, this 22nd day of November, 2010, upon consideration of the petition for writ of habeas corpus, the Report and Recommendation of Magistrate Judge M. Faith Angell, petitioner's objections to the Report and Recommendation, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. Petitioner's objections to the Report and Recommendation (paper no. 15) are **Overruled**.

2. The Report and Recommendation (paper no. 13) is **APPROVED** and **ADOPTED**.

3. The petition for a writ of habeas corpus (paper no. 1) is **DENIED**.

4. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

/s/ Norma L. Shapiro
                      J.